**In re Billy Wayne WALDROP, Petitioner.**

**No. 97–1006.**

United States Court of Appeals, Eleventh Circuit.

Jan. 9, 1997.

Norman P. Stein, Davis, CA, for petitioner.

J. Clayton Crenshaw, Assistant Attorney General, Montgomery, AL, for U.S.

Before ANDERSON, EDMONDSON and COX, Circuit Judges.

PER CURIAM:

Billy Wayne Waldrop, an Alabama inmate under a sentence of death, applies for permission to file a second habeas corpus petition challenging his 1982 death sentence for murder. His execution is scheduled for 12:01 A.M. CST, January 10, 1997. This application was filed at 6:05 P.M. EST, January 9, 1997. A history of the previous federal petition appears in *Waldrop v. Jones,* 77 F.3d 1308 (11th Cir.1996). Waldrop's application is subject to 28 U.S.C. § 2244(b)(2) as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, tit. I (1996). The amended statute states:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be denied unless—

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Waldrop presents two claims in his application. His first claim is a claim of "actual innocence." Waldrop urges us to address the issue of whether a claim of actual innocence may be raised either in a successive habeas petition under 28 U.S.C. § 2244(b)(2)(B) or as a separate and independent constitutional claim. We need not decide this issue here. The evidence Waldrop proffers fails to demonstrate actual innocence.

Waldrop's second claim is that the district court should be permitted to reopen his 1990 federal habeas proceedings because the State suppressed documents corroborating testimony that Timothy Thomas and Cordell Smith were involved in the murder of Donahoo. In addition, Waldrop alleges, state officials "may have threatened and intimidated" Doris Thomas, a witness at the state coram nobis proceedings, if she failed to testify as instructed. These matters, Waldrop alleges, make the result in the state coram nobis and federal habeas proceedings unreliable.

The allegations relative to the second claim fit neither of the two statutory conditions for filing a successive habeas petition. No new rule of constitutional law is involved, and Waldrop has not demonstrated that the factual predicate for the claim could not have

been discovered previously through the exercise of due diligence.

The "documents" alleged to have been suppressed are not described, but presumably the March 12, 1987, statement of Henry Mayes is one. This statement, however, does not provide evidence of Waldrop's innocence. Furthermore, Waldrop does not attempt to demonstrate that he was not previously aware of Mayes's version of the events in question.

The relevance of the alleged threat to and intimidation of the witness Doris Thomas is not readily apparent. She was an alibi witness for Waldrop at trial. The petition does not demonstrate how any testimony from her could provide a basis for habeas relief.

In this case we need not decide whether misconduct in postconviction proceedings can ever justify granting an application to file a successive petition; nothing alleged in this application undermines our confidence in the outcome of the prior federal habeas proceedings.

For the foregoing reasons, Waldrop's application for an order authorizing the district court to consider his second or successive petition for a writ of habeas corpus is hereby denied.

APPLICATION DENIED. THE REQUEST FOR STAY OF EXECUTION IS DENIED.[1]

We stress that the decision to grant or to deny an application for leave to file a second or successive habeas petition in federal court is not one that we make lightly or that can always be made speedily. Therefore, we must point out that, while we are considering whether to grant or to deny an application, a significant risk exists that the matter will be mooted by the petitioner's death before we have time to determine whether the grant of the application is appropriate.

---

1. We have in this instance reviewed the papers filed by petitioner in Alabama's state courts as they were lodged with us. And, we have made an informed decision on the application's substance. We observe, however, that there was considerable delay—almost two months—by petitioner in filing in any court for additional judicial review after petitioner's execution was scheduled: Some relief was filed for in state court on January 7, 1997.