**In re: Leo Alexander JONES, Petitioner.**

**No. 98–1098.**

United States Court of Appeals, Eleventh Circuit.

March 22, 1998.

---

\* Honorable Robert B. Propst, Senior U.S. District Judge for the Northern District of Alabama, sit-ting by designation.

Martin J. McClain, Miami, FL, for Appellant/Petitioner.

Richard B. Martell, Curtis French, Asst. Attys. Gen., Dept. of Legal Affairs, Tallahassee, FL, for Appellee/Respondent.

Before TJOFLAT, ANDERSON and EDMONDSON, Circuit Judges.

**PER CURIAM:**

Leo Alexander Jones, a Florida inmate under a sentence of death, applies for permission to file a second habeas corpus petition challenging his conviction and death sentence. His execution is scheduled for Tuesday, March 24, 1998, at 7 a.m. Jones' previous federal petition for writ of habeas corpus was considered and rejected in *Jones v. Dugger,* 928 F.2d 1020 (11th Cir.1991). A full account of relevant previous litigation is found in the March 17, 1998, opinion of the Supreme Court of Florida. *Jones v. State,* — So.2d ——, 1998 WL 114500 (Fla. March 17, 1998)(No. 92,234). Jones' application is subject to 28 U.S.C. § 2244(b), as amended by § 106 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[1] Under AEDPA:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Jones makes no assertion of a claim relying on a new and retroactive rule of constitutional law. Rather, Jones relies upon the "newly-discovered evidence" prong.

---

1. Jones' argument that the "burdens of § 2244(b)" should not be applied because of the retroactivity principles set out in *Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) is foreclosed by this court's opinion in *In re Medina,* 109 F.3d 1556, 1561–62 (11th Cir.1997).

■ We address first the testimony of retired Officer Cleveland Smith, first adduced by Jones in the 3.850 hearing of December 1997. The primary thrust of this evidence suggested that Officer Mundy, who made the initial arrest of Jones, improperly beat Jones and had a reputation for similar conduct. Jones argues that the State's failure to disclose this evidence prior to trial violated *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Cleveland Smith's testimony would be relevant to the voluntariness of Jones' confession. However, the voluntariness of Jones' confession was challenged in the prior federal habeas corpus proceedings, and rejected. *Jones,* 928 F.2d at 1027. AEDPA requires that any renewed claim challenging the voluntariness of the confession would have to be dismissed. 28 U.S.C. § 2244(b)(1). Thus, in the posture of this case, Jones' confession must be deemed to be voluntary.[2]

■ Jones also asserts that other evidence adduced at the 1992 evidentiary hearing and the December 1997 evidentiary hearing satisfies the "newly-discovered evidence" prong of AEDPA. We disagree. Jones argues that his new evidence suggests his actual innocence,[3] and that Schofield was the killer rather than Jones. Jones adduced evidence from Cole, Reed, Hagans, Corbett, and others that

Schofield was seen in the area under suspicious circumstances after the murder.[4] Jones also adduced evidence from Roy ("Shorty") Williams that immediately before the shooting he saw Schofield kneeling on one knee with a rifle to his shoulder.[5] Finally, Jones adduced evidence of several alleged hearsay confessions (persons who testified that Schofield had confessed to them).[6] In light of Jones' confession, which was consistent with the physical evidence, and in light of the credibility findings of the 3.850 judges with respect to the "newly-discovered" evidence, we cannot conclude that Jones has made a *prima facie* showing by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found Jones guilty of the underlying offense.[7]

■ Jones also claims that execution in Florida's electric chair violates the Eighth Amendment prohibition of cruel and unusual punishment. This claim, which is based on the events surrounding a recent Florida execution in which the electric chair allegedly malfunctioned, does not rely on a new rule of constitutional law and is therefore not within the 28 U.S.C. § 2244(b)(2)(A) exception to the bar against successive federal habeas petitions.

2. Moreover, as the March 17, 1998, opinion of the Florida Supreme Court points out, Officer Mundy's testimony at trial acknowledged a physical altercation with Jones at the time of the arrest, after which Jones was taken to the hospital. The treating physician described Jones as having minor injuries. The evidence at trial established (and the newly-adduced evidence is not to the contrary) that Jones' confession to Officer Eason occurred many hours after Jones was released from the hospital. Jones himself testified at trial that no one "messed with him" or laid a hand on him after Officer Eason entered the picture.

3. In light of our disposition of this case, we can pretermit the issue of whether a claim of actual innocence may be raised either in a successive habeas petition or as a separate and independent constitutional claim. *See In re Waldrop,* 105 F.3d 1337, 1338 (11th Cir.1997) (also pretermitting the issue).

4. The 3.850 judge questioned the credibility of Cole and Reed, *see* December 14, 1992, order at 54–55, as did the Florida Supreme Court. *See*

*Jones v. State,* 678 So.2d 309, 315 (Fla.1996). In the 1997 3.850 proceedings, the judge found that both Corbett and Hagans lacked credibility. *See* 3.850 Order, December 31, 1997, at 15.

5. The 3.850 judge observed Williams' demeanor as he testified at the December 1997 hearing. The judge noted the many inconsistencies in Williams' testimony. He noted that a shot from the kneeling position which Schofield allegedly assumed would be inconsistent with the physical evidence of the trajectory of the bullet. He also noted Williams' criminal history. The court found that Williams lacked credibility. *See* 3.850 Order, December 31, 1997, at 13–14. The Supreme Court of Florida also noted that Williams' testimony lacks any credibility. *Jones v. State,* —— So.2d —— (Fla. March 17, 1998)(No. 92,234)(M/S at 12).

6. The Florida Supreme Court cast doubt upon the indicia of reliability of these ·confessions. *Jones,* —— So.2d at —— (M/S at 13–16).

7. In light of this conclusion, we can pretermit the due diligence issue.

This claim also fails to meet the standard under the second exception to the bar against successive federal habeas petitions. This is not a situation where the "facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found that applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii). As this court has noted, and the statute itself specifies, this exception applies only to claims going to the question of whether or not the applicant is "guilty of the underlying offense"-not to claims related to sentence. *In re Medina*, 109 F.3d 1556, 1565 (11th Cir.1997). Because this claim is cognizable under neither of the two exceptions provided for in section 2244(b)(2), Jones has failed to make out the showing required by section 2244(b)(3)(C).

Accordingly, Jones' motion to stay his execution is DENIED and Jones' application for leave to file a second or successive petition is

DENIED.