In re: Thomas Harrison
**PROVENZANO,**
Petitioner.

No. 99–12082.

United States Court of Appeals,
Eleventh Circuit.

July 6, 1999.

Thomas Harrison Provenzano, Starke, FL, pro se.

Michael Paul Reiter, Tampa, FL, Mark S. Gruber, Capital Collateral Regional Counsel, Tampa, FL, Katherine Vickers Blanco, Tampa, FL, for Respondents.

Before EDMONDSON, COX and CARNES, Circuit Judges.

BY THE COURT:

Thomas Harrison Provenzano is a Florida death row inmate. We have previously affirmed the denial of his first petition seeking 28 U.S.C. § 2254 habeas corpus relief from conviction and sentence. *See Provenzano v. Singletary,* 148 F.3d 1327 (11th Cir.1998), *aff'g* 3 F.Supp.2d 1353 (M.D.Fla.1997). He is back before us on a 28 U.S.C. § 2244(b) application for an order permitting the district court to consider a second habeas corpus petition.

Provenzano's application seeks permission to raise in the district court two claims, neither of which was contained in his initial federal habeas petition. The first claim is that execution by electrocution, at least as practiced in Florida, constitutes cruel and unusual punishment in

violation of the Eighth Amendment to the United States Constitution. The other claim is that the failure of Florida to provide Provenzano in a more timely fashion with adequate counsel to pursue the latest round of collateral proceedings violates his Fourteenth Amendment right to due process.

Congress explicitly provided in 28 U.S.C. § 2244(b)(3)(C) that we may authorize the filing of a second habeas petition only if we determine the applicant has made a prima facie showing that the new claims he seeks to raise fit within one of the two exceptions against belated claims that are set out in § 2244(b)(2). Neither of Provenzano's two claims fits within either exception. The first exception requires that the claim be based upon a new rule of constitutional law, previously unavailable, which the Supreme Court has made retroactively applicable to cases on collateral review. *See* § 2244(b)(2)(A). No new rule of constitutional law exists relating to execution by electrocution. Nor does one exist relating to collateral representation.

The second exception, which is set out in § 2244(b)(2)(B), concerns the factual predicate for the new claim. To fit within this exception the factual predicate of the claim must not have been discoverable previously through reasonable diligence. And the factual predicate must also be such that, if proven, it will establish that no reasonable factfinder would have convicted the applicant of the underlying offense but for the constitutional error. Neither of Provenzano's two claims meets the requirements of the second exception.

Because Provenzano has failed to make the necessary showing under either § 2244(b)(2)(A) or (B), his application must be denied.

APPLICATION DENIED.*

---

* The request for stay of execution contained in

the application is also DENIED.