**In re Thomas Harrison PROVENZANO, Petitioner.**

No. 00–13193.

United States Court of Appeals, Eleventh Circuit.

June 21, 2000.

Michael Paul Reiter, Tampa, FL, for Petitioner.

Carol M. Dittmar, Dept. of Legal Affairs, Tampa, for U.S.

Before EDMONDSON, COX and CARNES, Circuit Judges.

BY THE PANEL:

Thomas Harrison Provenzano is a Florida death row inmate whose execution is imminent. Last year we denied an application he filed pursuant to 28 U.S.C.

§ 2244(b)(3)(A) to file a second or successive application for federal habeas corpus relief. *See In re Provenzano,* 179 F.3d 1326 (11th Cir.1999). Since then the Florida courts have entered a number of orders and opinions involving his case, the citations to which can be found in an opinion the Florida Supreme Court issued yesterday. *See Provenzano v. State,* 761 So.2d 1097, 1098 n. 1 (Fla.2000). Provenzano is now back before us with another application for authorization to file a second or successive federal habeas corpus petition, and a request for a stay of execution. His application seeks to raise in another federal habeas petition what are essentially four claims.

■ The first claim is a competency to be executed claim. *See Ford v. Wainwright,* 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986). Realizing that our decision in *In re Medina,* 109 F.3d 1556 (11th Cir.1997), forecloses us from granting him authorization to file such a claim in a second or successive petition, Provenzano asks us to revisit that decision in light of the Supreme Court's subsequent decision in *Stewart v. Martinez–Villareal,* 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998). Under our prior panel precedent rule, *see United States v. Steele,* 147 F.3d 1316, 1317–18 (11th Cir.1998) (en banc), we are bound to follow the *Medina* decision. We would, of course, not only be authorized but also required to depart from *Medina* if an intervening Supreme Court decision actually overruled or conflicted with it. *See Cottrell v. Caldwell,* 85 F.3d 1480, 1485 (11th Cir.1996); *see also United States v. Smith,* 122 F.3d 1355, 1359 (11th Cir.1997).

*Stewart v. Martinez–Villareal* does not conflict with *Medina*'s holding that a competency to be executed claim not raised in the initial habeas petition is subject to the strictures of 28 U.S.C. § 2244(b)(2), and that such a claim cannot meet either of the exceptions set out in that provision. *See In re Medina,* 109 F.3d at 1564–65. The

Supreme Court did grant certiorari in *Martinez–Villareal* in order to settle what appeared to be a conflict between our *Medina* decision and the Ninth Circuit's decision in that case. *See* 118 S.Ct. at 1620. However, it turned out that the conflict was more apparent than real, because in that case the petitioner had raised his competency to be executed claim in the first federal habeas petition he had filed only to have the district court dismiss it without prejudice as premature. The Supreme Court recognized that the situation in *Martinez–Villareal* was not the *Medina* situation, stating:

This case does not present the situation where a prisoner raises a *Ford* claim for the first time in a petition filed after the federal courts have already rejected the prisoner's initial habeas application. Therefore, we have no occasion to decide whether such a filing would be a "second or successive habeas corpus application" within the meaning of AEDPA.

*Id.* at 1622 n. *. In other words, the Supreme Court in *Martinez–Villareal* had no occasion to decide whether our *Medina* decision is correct. That being true, we are bound by the circuit precedent of the *Medina* case, and we follow it.

■ The second claim Provenzano seeks authorization to raise in a second or successive federal habeas petition is a claim that lethal injection as administered by the State of Florida is cruel and unusual punishment in violation of the Eighth Amendment. This claim is somewhat akin to the one that Provenzano sought permission to raise last year, which was that execution by electrocution as administered by the State of Florida was cruel and unusual punishment in violation of the Eighth Amendment. *See In re Provenzano,* 179 F.3d at 1326–27. We denied Provenzano authorization to raise that claim, and we must deny him authorization to raise this one as well. We realize that the factual basis (if any) of this claim was not available to Provenzano at the time he filed his

first federal habeas petition, because at that time Florida did not use lethal injection as the means of execution. However, the reasoning of our prior decisions denying authorization to file method of execution claims in second or successive federal habeas petitions persuades us to treat this claim as a second or successive petition claim subject to the restrictions of § 2244(b)(2). *See In re Provenzano*, 179 F.3d at 1327; *In re Jones*, 137 F.3d 1271, 1273–74 (11th Cir.1998) (denying authorization to file an Eighth Amendment claim, "which is based on the events surrounding a recent Florida execution in which the electric chair allegedly malfunctioned," because that claim did not meet either of the § 2244(b)(2) exceptions).

Provenzano's lethal injection claim does not meet the requirements of § 2244(b)(2)(A), because it is not based upon a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review. Likewise, it does not meet the requirements of § 2244(b)(2)(B), because if the facts underlying the claim were proven they would not establish by clear and convincing evidence "that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," as required in subsection (ii) of that provision. *See In re Provenzano*, 179 F.3d at 1327; *In re Jones*, 137 F.3d at 1274.

■ The third claim Provenzano seeks authorization to pursue in another federal habeas petition is his claim that he is innocent because of insanity at the time of the offense. Provenzano raised an insanity defense at trial, and there was conflicting expert testimony on the issue. Five psychiatric experts testified—two for the defense and three for the prosecution. The jury rejected his insanity defense. He now claims he has newly discovered evidence of innocence, i.e., of insanity, which was produced at a 1999 state court evidentiary hearing on the subject of his competency to be executed, and includes a state court judge's order finding that although he was competent to be executed Provenzano was and had been delusional. He claims that the evidence presented at that hearing was not available previously. We are not convinced.

■ Provenzano contends that the factual conclusion that the state trial court reached in 1999 "was made after considering the long documented history which did not exist at the time of trial," which occurred in 1984. However, the question for § 2244(b)(2)(B)(ii) purposes is not whether the factual predicate for the claim could have been discovered through the exercise of reasonable diligence at the time of trial, but instead whether it could have been discovered "previously," which means at least as late as the time of the filing of the first federal habeas petition. *See Felker v. Turpin*, 83 F.3d 1303, 1306 (11th Cir.1996). Provenzano has made no showing that the factual predicate for this claim either did not exist or could not have been discovered through the exercise of reasonable diligence at the time he filed his first federal habeas petition in June of 1993.[1] Accord-

---

1. Provenzano apparently contends that the state trial court judge's opinion or finding which was issued after the evidentiary hearing in 1999 is newly discovered evidence. However, we reject the notion that a state court finding of fact based upon the presentation of what is alleged to be newly discovered evidence is itself a newly discovered fact or piece of evidence. Nor do we believe that the 1999 evidentiary hearing testimony of one of the State's psychiatric experts that Provenzano was then delusional is enough to satisfy § 2244(b)(2)(B). There is no indication such expert testimony could not have been present-

ed in 1993 through the exercise of due diligence. Provenzano has also failed to establish that opinion evidence, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty" as required by § 2244(b)(2)(B)(ii). There was testimony at trial by one of the State experts that Provenzano was delusional with paranoid beliefs, but the jury convicted him anyway. As the Supreme Court of Florida observed, the state trial judge who heard all of the evidence

ingly, Provenzano has failed to meet the requirements of § 2244(b)(2)(B) as to this claim. He does not contend that he has met the requirements of § 2244(b)(2)(A).

 The fourth claim Provenzano seeks authorization to present is based upon his contention that the newly discovered evidence concerning his mental state at the time of the crime is additional mitigating circumstance evidence and also, he says, negates four of the five aggravating circumstances used to justify the death sentence. He characterizes this claim as an "innocence of the death penalty" claim. We addressed such a claim in *Medina,* 109 F.3d at 1565-66. There, we concluded that the § 2244(b)(2)(B) exception "does not fit sentence stage claims," and therefore was unavailable for such a claim. *See id.* at 1566. As for the § 2244(b)(2)(A) exception, we held that it was inapplicable for two reasons. One is that the innocence of the death sentence claim did not rely upon a new rule of retroactively applicable constitutional law that was unavailable when the first habeas petition was filed. *See id.* The other reason is that in order to fit such a claim within that exception the petitioner "would have to show that both the aggravating circumstances were constitutionally infirm," and that the constitutional infirmity of each was based upon a new rule of constitutional law not available at the time of the previous federal habeas petition. *See id.* What we said in *Medina* fits this case as well. Provenzano's innocence-of-the-death-penalty-claim does not fit within either § 2244(b)(2) exception.

In conclusion, we DENY Provenzano's authorization to file another habeas corpus petition. By separate order, we will vacate the stay of execution we entered in this case yesterday.[2]

Provenzano now relies upon "concluded that Provenzano suffers from mental illness, but because he also exaggerates symptoms and utilizes deception, it is difficult to determine Provenzano's exact mental status." *Provenzano v. State,* 760 So.2d 137, 140 (2000).

## ORDER

The stay of execution previously entered by this Court is VACATED, effective at 6:00 p.m. Eastern Daylight Time, June 21, 2000.

2. Provenzano also requests oral argument, which we DENY under the circumstances.