[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-13795
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 4, 2004
THOMAS K. KAHN
CLERK

D. C. Docket No. 94-02639-CV-CO-W


JAMES BARNEY HUBBARD,

Petitioner-Appellant,

versus

DONAL CAMPBELL, Commissioner
of the Alabama Department of Corrections,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(August 4, 2004)**

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Petitioner James Barney Hubbard, a death row inmate in the Alabama prison

system, is scheduled to be executed on Thursday, August 5, 2004 at 6:00 p.m.

CDT.[1]  On July 27, 2004, Petitioner filed with the district court an "Amended Petition for Writ of Habeas Corpus by a Person in State Custody under Sentence of Death," and a "Motion for Stay of Execution."  The Amended Petition purported to amend  Petitioner's original petition (which the district court denied on February 3, 1998) and asked that the district court issue a writ of habeas corpus barring Petitioner's execution "due to dementia and advanced age," 74 and 1/2 years.[2]  Petitioner represented to the district court that he has the right to amend his original petition[3] without obtaining leave of this court pursuant to 28 U.S.C.

---

[1]  Petitioner was sentenced to death after a jury convicted him of first degree murder at a trial held in the Tuscaloosa County, Alabama Circuit Court in April 1982.  In October 1994, after exhausting his state remedies, Petitioner turned to the district court for relief, filing a petition for a writ of habeas corpus.  The district court denied the writ, and  we affirmed.  Hubbard v. Haley, 317 F.3d 1245 (11th Cir. 2003), cert. denied sub nom. Hubbard v. Campbell, ___ U. S. ___, 124 S. Ct. 390, 157 L. Ed. 2d 283 (2003).  On October 20, 2003, the State of Alabama moved the Alabama Supreme Court to set Petitioner's execution date.  While the State's motion was pending, Petitioner moved the supreme court to order the Alabama Department of Corrections to give him access to his medical records (i.e., those in the Department's possession), and the court granted his motion.  After that, Petitioner was evaluated by Dr. John Goff, a psychologist.

On April 29, 2004, Petitioner moved the supreme court for an evidentiary hearing on his claim that he is mentally retarded.  The supreme court denied his motion on June 21, 2004.  The same day, the court set Petitioner's execution date for August 5, 2004, at the time indicated in the above text.

[2]  The quoted language is taken from the district court's order of July 28, 2004 (the order now before us), dismissing Petitioner's "Amended Petition" without prejudice.

[3]  Petitioner's original petition contained 17 claims for relief.  Hubbard, 317 F.3d at 1251. The district court, in a 154 page memorandum opinion, rejected the claims as either meritless or procedurally barred.  Id.  On appeal, we considered, and rejected, the five claims the district court cited in its certificate of appealability.  Id. at 1261.  Two claims challenged evidentiary rulings made by the trial judge; three claims alleged that Petitioner received ineffective assistance of counsel at the pretrial, trial, and sentencing phases of his trial.  Id. at 1251.

2

§ 2244(b)(3)(A). Petitioner acknowledged our holding in In re Provenzano, 215 F.3d 1233 (11th Cir. 2000), which treats as a successive petition a claim that the Eighth Amendment bars the execution of an incompetent person,[4] but said Nelson v. Campbell, ___ U.S. ___, 124 S. Ct. 2117, 158 L. Ed. 2d 924 (2004), effectively overruled the holding.

On July 28, 2004, the district court, agreeing with Respondent that Nelson is inapposite and, more importantly, that the Amended Petition was due to be dismissed because Petitioner had failed to obtain this court's leave to file it pursuant to 28 U.S.C. § 2244(b)(3)(A), entered an order dismissing the Amended Petition without prejudice and denying Petitioner's "Motion for Stay of Execution." Two days later, the district court denied Petitioner's application for the issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c) so that he could appeal the court's order.

Petitioner now applies to this court for a certificate of appealability so that he can appeal the district court's decision dismissing his Amended Petition. (Petitioner does not seek leave of this court to file his Amended Petition as a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A).) Petitioner also seeks a

---

[4] This has been referred to as a Ford claim. See Ford v. Wainwright, 477 U.S. 399, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986). The claim the district court labeled a "dementia" claim is, according to Petitioner, a Ford claim.

3

stay of execution pending our disposition of these proceedings.

Section 2253(c) has no application here because the district court's decision dismissing the Amended Petition is not "a final order in a habeas corpus proceeding" within the meaning of the statute. Rather, the decision is a final order dismissing the Amended Petition for lack of subject matter jurisdiction. We have jurisdiction to review the order pursuant to 28 U.S.C. § 1291.

We agree with the district court that it lacked subject matter jurisdiction to entertain the Amended Petition, and that the court was obliged to dismiss it for that reason. Therefore, without issuing a certificate of appealability (because a certificate is unnecessary to permit us to review the district court's order of dismissal), we affirm the court's order denying the Amended Petition for lack of jurisdiction and deny Petitioner's application for a stay of execution.

SO ORDERED.

BARKETT, Circuit Judge, dissenting:

I agree with the majority that the district court order dismissing without prejudice for lack of subject matter jurisdiction Hubbard's amended petition for a writ of habeas corpus is not a final order under 28 U.S.C. § 2253(c). I also agree that Hubbard has not sought leave from this court to file his amended petition as a successive petition under 28 U.S.C. § 2244(b)(3)(A). However, I disagree with the majority's denial of Hubbard's motion for a stay of execution in order to allow him time to present his claims through alternative channels.

In Ford v. Wainwright, the Supreme Court unequivocally held that the execution of a person who is mentally incompetent constitutes cruel and unusual punishment and, thus, violates the Eighth Amendment. 477 U.S. 399 (1986). In this case, Hubbard argues that the holding of Ford renders his execution, under the facts as they currently exist, unconstitutional. Hubbard is seeking a temporary stay of execution so that we may adjudicate the claim that his execution would violate the Eighth Amendment in light of his mental incompetence.

Petitioners have a right under Ford to an evidentiary hearing to decide the merits of their competency claims once they have made a substantial threshold

5

showing of incompetency.[1]  The Ford plurality declared that "in a habeas corpus

proceeding, a federal evidentiary hearing is required unless the state-court trier of

fact has after a full hearing reliably found the relevant facts."  477 U.S. at 410.

See also Coe v. Bell, 209 F.3d 815, 819 n.1 (6th Cir. 2000) (discussing Ford and

noting that "five justices agreed that a fair hearing was required if a prisoner made

a substantial threshold showing of incompetency to be executed.").  It is unclear to

me based upon the record before us whether Alabama has afforded Hubbard the

due process required under Ford.  While the Alabama Supreme Court allowed

Hubbard to obtain copies of his medical records and to be evaluated, it rejected his

request for an evidentiary hearing in a conclusory one-sentence order.[2]  Given

these facts, Alabama may not have accorded Hubbard the process to which he is

entitled under Ford.

Hubbard claims that he could not have raised his mental incompetency

claim earlier on direct appeal or in his initial habeas petition because the

---

[1]Hubbard has offered evidence based on medical records and an evaluation by a qualified psychologist suggesting that his mental competence may not rise to the level required under Ford. For example, tests show that since his sentencing in 1977, his IQ scores have declined substantially, and he has exhibited some signs of dementia.

[2]The full text of the order reads: "The petitioner having filed a Motion for Factual Development and Evidentiary Hearing on Mental Retardation Claim, and the same having been duly submitted to the Court, it is ordered that The Motion for Factual Development and Evidentiary Hearing on Mental Retardation Claim is denied."  Ex Parte Hubbard, No. 1780688, slip op. (Ala. June 21, 2004).

conditions underlying that claim had not existed at a time when his execution was imminent. Under these circumstances, it is inappropriate to force Hubbard to file an application for a second or successive habeas petition without granting his request for a stay.[3] Doing so would effectively foreclose us from reviewing Hubbard's Ford claim despite the fact that Hubbard could not have brought this claim earlier.[4]

I would also grant the stay because Hubbard could pursue his claim under 42 U.S.C. § 1983. In Nelson v. Campbell, 124 S. Ct. 2117, 2123 (2004), the Supreme Court allowed a defendant to bring a § 1983 challenge to Alabama's use of a gratuitous "cut-down" procedure, rejecting the state's argument that such a claim was the functional equivalent of a second or successive habeas petition and

---

[3]In this Circuit, we have already denied an attempt to bring an incompetency-to-be-executed claim in a second habeas application, Medina, 109 F.3d at 1564-65. Federal courts also generally dismiss a Ford claim as premature when it is raised on direct appeal or in a first habeas petition where death is not imminent. See Stewart v. Martinez-Villareal, 523 U.S. 637, 640, 643 (1998); Martinez-Villareal v. Stewart, 118 F.3d 628, 630 (9th Cir. 1997). Under these precedents, Hubbard's case presents a classic catch-22 (which seems to permeate death penalty jurisprudence) because the circumstances underlying his Ford claim may not have been present at the time of his first habeas petition and he is now barred from bringing it as a second habeas petition. While Hubbard does have the option of petitioning the Supreme Court for a writ of certiorari to review a state supreme court's denial of his incompetency claim or to exercise its original jurisdiction to consider his Ford claim, In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), he rightly points out that, in practice, the Supreme Court rarely exercises its power to do so and has not actually granted an original petition for habeas corpus relief in nearly eighty years. See Pet. Brief at 9 n.3.

[4]Moreover, he certainly could not have brought an advanced age claim until such time as he reached an advanced age.

7

thus barred by AEDPA. The Nelson Court determined that the petitioner's claim was not within the "core" of federal habeas corpus law, because it did not challenge the "fact" or "validity" of the death sentence but rather challenged the particular method of execution without precluding Alabama's imposition of an alternative, constitutionally permissible method. 124 S.Ct. at 2122, 2123. The Court addressed the merits of petitioner's § 1983 claim and found that employing the cut-down procedure in the petitioner's case would violate the Eighth Amendment.

Here, Hubbard has come forward with evidence that he is in fact incompetent. If he is able to bear out this claim, that showing would not amount to a challenge to the "fact" or "validity" of his sentence because he is not arguing that there are no circumstances where Alabama could constitutionally impose execution. Unlike a standard habeas claim, Hubbard does not challenge the validity of his original trial and sentence or the ability of the state to sentence him to death. Rather, he argues that circumstances have changed such that the state cannot impose his sentence consistent with the Constitution at this time. See also Coe, 209 F.3d at 819 ("A competency-to-be-executed claim only raises the issue of when a prisoner will be competent for execution and does not challenge the validity of the prisoner's conviction or sentence.") (citing Ford, 477 U.S. at 425

(Powell, J., concurring)).  Thus, Hubbard's claim, like Nelson's, falls "at the margins of habeas."  <u>Nelson</u>, 124 S.Ct. at 2124.

For these reasons I would grant the request for a stay of execution.