[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15468

_____

**CORRECTED**
D. C. Docket No. 07-00129-CV-CDL

In re:

ROBERT WAYNE HOLSEY,

Petitioner.

_____

Application to File a Second or Successive
Habeas Corpus Petition, 28 U.S.C. § 2244(b)

_____

(December 9, 2014)

Before ED CARNES, Chief Judge, WILSON and MARTIN, Circuit Judges.

MARTIN, Circuit Judge:

Robert Wayne Holsey, a Georgia death row inmate, is scheduled for

execution today, Tuesday, December 9, 2014, at 7:00 p.m.  Late this afternoon, Mr.

Holsey filed an Application for Permission to File a Second Petition for Writ of

Habeas Corpus in the District Court, a Request to Certify Certain Legal Questions

to the United States Supreme Court, and a Motion for Stay of Execution. For the reasons that follow, we deny Mr. Holsey's application for leave to file a second petition and motion for stay because he cannot show a substantial likelihood of success on the merits. See DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011).

## I.

The facts surrounding Mr. Holsey's trial, sentencing, direct appeal, and state and federal postconviction proceedings are detailed in this Court's opinion affirming the denial of his first federal petition for writ of habeas corpus. See Holsey v. Warden, Ga. Diagnostic Prison, 694 F.3d 1230, 1231–56 (11th Cir. 2012) (Holsey V), cert. denied sub nom. Holsey v. Humphrey, 133 S. Ct. 2804 (2013); see also Holsey v. State, 524 S.E.2d 473 (Ga. 1999) (direct appeal) (Holsey I); Holsey v. Schofield, No. 2000–V–604 (Ga. Super. Ct. of Butts Cnty., May 9, 2006) (order on state habeas petition) (Holsey II); Schofield v. Holsey, 642 S.E.2d 56 (Ga. 2007) (collateral appeal) (Holsey III); Holsey v. Hall, No. 3:07-cv-129 (M.D. Ga. July 2, 2009) (order denying federal habeas petition).

On November 19, 2014, Morgan County, Georgia Superior Court Judge Levis A. McConnell, Jr., issued a warrant setting Mr. Holsey's execution for December 9–16. The next day, Mr. Holsey filed a second state habeas petition in Butts County Superior Court, arguing that his intellectual disability should be

reconsidered in light of the Supreme Court's decision in Hall v. Florida, 572 U.S. ___, 134 S. Ct. 1986 (2014).  See Petition for Writ of Habeas Corpus at i, Holsey v. Chatman, No. 2014-HC-14 (Ga. Super. Ct. of Butts Cnty. Nov. 20, 2014). Specifically, Mr. Holsey argued that he presented ample evidence that he is intellectually disabled but Georgia's beyond reasonable doubt standard unconstitutionally denied him "'a fair opportunity to show that the Constitution prohibits his execution.'"  State Petition at 24–25 (alteration adopted) (quoting Hall, 134 S. Ct. at 2001).

On December 2 Butts County Superior Court Chief Judge Thomas Wilson dismissed Mr. Holsey's second state habeas petition and denied his stay application.  Holsey v. Chatman, No. 2014–HC–14, slip op. at 1–2 (Ga. Super. Ct. of Butts Cnty., Dec. 2, 2014) (Holsey VI).

On December 4 Mr. Holsey filed a Consolidated Application for a Certificate of Probable Cause to Appeal and Motion for Stay of Execution in the Georgia Supreme Court.  Holsey v. Chatman, No. S15W0530 (Ga. Dec. 4, 2014) (Holsey VII).  Mr. Holsey asked the Georgia Supreme Court to revisit his intellectual disability claim in light of Hall, making two arguments: (1) that he "Presented Ample Evidence That He Is Intellectually Disabled But Georgia's Unique 'Beyond Reasonable Doubt' Standard Unconstitutionally Denied Him 'A Fair Opportunity To Show That The Constitution Prohibits His Execution,'" id. at

3

18–31 (alteration adopted) (quoting <u>Hall</u>, 134 S. Ct. at 2001); and (2) that "[The Georgia Supreme] Court Should Revisit [His] Claim of Intellectual Disability Because the State Habeas Court's Bases for Previously Rejecting the Claim Contravene Accepted Clinical Diagnostic Practices as to Intellectual Disability, in Violation of <u>Atkins</u>[ v. Virginia, 536 U.S. 304, 122 S. Ct. 2242 (2002)] and <u>Hall</u>," <u>id.</u> at 31–45.  The state filed its opposition on December 5.  The Georgia Supreme Court denied Mr. Holsey's application for CPC and motion for stay at about 2:30 p.m. on December 9, 2014.

Separately, the Georgia Board of Pardons and Parole gave Mr. Holsey a clemency hearing on December 8, 2014 and denied clemency that same day.

## II.

Mr. Holsey seeks permission to file a second federal habeas corpus petition in the District Court.  Because Mr. Holsey previously filed a federal habeas corpus petition, he must meet the requirements of 28 U.S.C. § 2244(b) before filing a second federal petition.  That statute provides in relevant part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on

4

collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

"In ruling on an application to file a successive petition, this Court must make a threshold determination of whether the claim to be presented in the second or successive petition was presented in the first petition." In re Hill, 715 F.3d 284, 291 (11th Cir. 2013).   In his first petition, Mr. Holsey claimed that his intellectual disability barred his execution under Atkins.  Petition for Writ of Habeas Corpus by a Person in State Custody at 31, Holsey v. Hall, No. 3:07-cv-129 (M.D. Ga. Nov. 21, 2007) ("Petitioner Is Mentally Retarded and Therefore Ineligible for the Death Penalty under the Eighth and Fourteenth Amendments to the United States Constitution and Atkins. . . .").  In a brief filed in support of his first federal petition, Mr. Holsey argued: "The Finding That Georgia May Limit the Eighth Amendment Exemption to Offenders Who Are Mentally Retarded 'Enough' to Prove it Beyond a Reasonable Doubt is Manifestly Contrary to and/or Involves Unreasonable Applications of the Holdings of Atkins, Cooper, Addington and

5

Related Precedent."  Petitioner's Brief in Support of Petition for Writ of Habeas Corpus at 163, Holsey v. Hall, No. 3:07-cv-129 (M.D. Ga. Nov. 21, 2007).  Both the District Court and this Court rejected Mr. Holsey's Atkins claim on the merits. Holsey, 694 F.3d at 1231–32 ("In Hill v. Humphrey, 662 F.3d 1335, 1360–61 (11th Cir. 2011) (en banc), we held that the Georgia Supreme Court's decision affirming the states's reasonable doubt standard for mental retardation claims did not contravene clearly established Supreme Court precedent.").

In Mr. Holsey's application to file a second habeas petition, he effectively seeks the opportunity to revisit the determination of his intellectual disability in light of Hall.  He contends "Georgia's Unique 'Beyond Reasonable Doubt' Standard Unconstitutionally Denied Him 'A Fair Opportunity To Show That The Constitution Prohibits [His] Execution."  Application to file Second Petition at 12 (quoting Hall, 134 S. Ct. at 2001).  Under this Court's binding precedent, Mr. Holsey is not entitled to file a second § 2254 petition raising another intellectual disability claim because he presented an intellectual disability claim in his first § 2254 petition.  In re Hill, 715 F.3d at 291–92.  Mr. Holsey is still asserting an intellectual disability claim even if he is raising new arguments to support it.  Id. at 293 ("[A] new legal argument, even one that may entitle a habeas petitioner to relief, does not make a prior 'claim' a new 'claim' for the purpose of § 2244(b)(1).").

We decline Mr. Holsey's invitation to treat prior panel decisions of this Court issued in the context of applications to file second or successive petitions as having no precedential value.  While "[t]he grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari," 28 U.S.C. § 2244(b)(3)(E), the statute does not preclude the Court of Appeals from rehearing such a decision <u>sua sponte</u>.  In other words, three-judge orders issued under § 2244(b) are not beyond all review.  Therefore, we are not persuaded that our prior-panel-precedent rule should not apply to published opinions issued in this context.

Under our Court's prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting <u>en banc</u>." <u>United States v. Archer</u>, 531 F.3d 1347, 1352 (11th Cir. 2008).  "While an intervening decision of the Supreme Court can overrule the decision of a prior panel of our court, the Supreme Court decision must be clearly on point."  <u>Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.</u>, 344 F.3d 1288, 1292 (11th Cir. 2003).

The prior-panel-precedent rule requires us to reject Mr. Holsey's argument that he should be allowed to file a second or successive habeas petition because he is actually innocent of the death penalty, irrespective of the literal language of 28

7

U.S.C. § 2244(b)(1). In In re Hill, this Court squarely rejected the argument that the Supreme Court's pre-AEDPA decision in Sawyer v. Whitley, 505 U.S. 333, 112 S. Ct. 2514 (1992), survived AEDPA. See 715 F.3d at 299–301. While Mr. Holsey makes some compelling arguments that Sawyer's "innocence of the death penalty" exception should survive § 2244(b)'s restrictions, he has not identified any en banc or Supreme Court authorities that are "clearly on point," at least none that we can say overruled or undermined the In re Hill panel decision to the point of abrogation. It is true, the In re Hill panel did not have the benefit of the Supreme Court's recent decision in McQuiggin v. Perkins, ___ U.S. ___, 133 S. Ct. 1924 (May 28, 2013), when it decided In re Hill. In Perkins, the Supreme Court held "that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup and House, or, as in this case, expiration of the statute of limitations." Id. at 1928. Indeed, Perkins, to the extent it created an exception to AEDPA's statute of limitations bar, suggests that Sawyer's "innocent of the death penalty" may have survived § 2244(b) restrictions as well. However, Perkins did not specifically address § 2244(b), so it is not clearly on point. Further, AEDPA's statute of limitations bar and restrictions on second or successive habeas petitions and claims serve different purposes. Our precedent precludes a ruling by this panel that In re Hill was overruled or undermined to the point of abrogation by Perkins. Because

8

this Circuit has rejected Sawyer in this context, we need not, and do not, make any finding about whether Mr. Holsey has shown he is innocent of the death penalty by clear and convincing evidence. We part ways with the concurrence in that regard.

Even if we were not constrained by In re Hill and § 2244(b)(1), there are additional reasons why we cannot grant Mr. Holsey permission to file a second or successive habeas petition based on Hall. In In re Henry, this Court held that "Hall . . . announce[d] a new rule of constitutional law." 757 F.3d 1151, 1158 (11th Cir. 2014). However, Mr. Henry was not "entitled to leave to file a second or successive petition because the Supreme Court has not made the new rule announced in Hall retroactive to cases on collateral review," as required by 28 U.S.C. § 2244(b)(2)(A). Id. at 1160. Although I have set out how I would decide the retroactivity issue, this panel is bound by the majority holding of In re Henry in this § 2244(b)(2) context. See id. at 1163–73 (Martin, J., dissenting).

For all of these reasons, we DENY Mr. Holsey's application for leave to file a second or successive habeas petition.

9

ED CARNES, Chief Judge, concurring:

I agree that the application to file a second or successive application is due to be denied.

In support of his application to file a second or successive petition Holsey contends that the old, pre-AEDPA miscarriage of justice exception to the second and successive petition bar survived the enactment of 28 U.S.C. § 2244(b).  It did not, as held by and for the reasons explained in a number of decisions. See  In re Hill, 715 F.3d 284, 299–301 (11th Cir. 2013); Gilbert v. United States, 640 F.3d 1293, 1322 (11th Cir. 2011) (en banc); Hope v. United States, 108 F.3d 119, 120 (7th Cir. 1997); see also In re Webster,  605 F.3d 256, 258 (5th Cir. 2010).

Contrary to Holsey's assertion, published decisions like Hill involving applications for permission to file a second or successive petition are binding precedent.  In re Provenzano, 215 F.3d 1233, 1235 (11th Cir. 2000), the prisoner filed, pursuant to 28 U.S.C. § 2244(b)(3)(A), an application to file a second or successive application, which challenged our earlier decision in In re Medina, 109 F.3d 1556 (11th Cir. 1997).  Our Medina decision had held, in the course of denying an application for permission to file a second or successive petition, that the § 2244(b) bar applies to competency-to-be-executed claims.  See Provenzano, 215 F.3d at 1235.  We held in Provenzano that Medina was binding precedent: "Under our prior panel precedent rule, we are bound to follow the Medina

decision." Id. (citation omitted). And our decisions have treated Provenzano as binding authority regarding the prior panel precedent rule. See United States v. Kaley, 579 F.3d 1246, 1255 (11th Cir. 2009); Hunter v. Sec'y, Dep't of Corr., 395 F.3d 1196, 1201–02 (11th Cir. 2005); United States v. Marte, 356 F.3d 1336, 1344 (11th Cir. 2004).

Even if our decision in Hill did not exist, and the language of § 2244(b) did not mean what it says, the miscarriage of justice exception would not do Holsey any good because he has not shown, and cannot show, actual innocence. And even if Georgia law did not require a capital defendant to prove mental retardation beyond a reasonable doubt — if it required, for example, that he prove it by clear and convincing evidence or by a preponderance of the evidence — Holsey would still not be actually innocent of a death sentence. Where it applies, the actual innocence miscarriage of justice exception requires a petitioner to show "by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty." Cade v. Haley, 222 F.3d 1298, 1308 (11th Cir. 2000). The constitutional error Holsey claims is that he was required to prove mental retardation by too high a standard of proof, but he has not shown that he could convince a jury with a lesser standard. He has not shown that, if the burden he was required to meet was clear and convincing

11

evidence or a preponderance of the evidence, no reasonable jury could have found that he was not mentally retarded.