ED CARNES, Chief Judge,
concurring:
I agree that the application to file a second or successive application is due to be denied.
In support of his application to file a second or successive petition Holsey contends that the old, pre-AEDPA miscarriage of justice exception to the second and successive petition bar survived the enactment of 28 U.S.C. § 2244(b). It did not, as held by and for the reasons explained in a number of decisions. See In re Hill, 715 F,3d 284, 299-301 (11th Cir.2013); Gilbert v. United States, 640 F.3d 1293, 1322 (11th Cir.2011) (en banc); Hope v. United States, 108 F.3d 119, 120 (7th Cir.1997); see also In re Webster, 605 F.3d 256, 258 (5th Cir.2010).
Contrary to Holsey’s assertion, published decisions like Hill involving applications for permission to file a second or successive petition are binding precedent. In re Provenzano, 215 F.3d 1233, 1235 (11th Cir.2000), the prisoner filed, pursuant to 28 U.S.C. § 2244(b)(3)(A), an application to file a second or successive application, which challenged our earlier decision in In re Medina, 109 F.3d 1556 (11th Cir.1997). Our Medina decision had held, in the course of denying an application for permission to file a second or successive petition, that the § 2244(b) bar applies to competency-to-be-executed claims. See Provenzano, 215 F.3d at 1235. We held in Provenzano that Medina was binding precedent: “Under our prior panel precedent rule, we are bound to follow the Medina decision.” Id. (citation omitted). And our decisions have treated Provenzano as binding authority regarding the prior panel precedent rule. See United States v. Kaley, 579 F.3d 1246, 1255 (11th Cir.2009); Hunter v. Sec’y, Dep’t of Corr., 395 F.3d 1196, 1201-02 (11th Cir.2005); United States v. Marte, 356 F.3d 1336, 1344 (11th Cir. 2004).
Even if our decision in Hill did not exist, and the language of § 2244(b) did not mean what it says, the miscarriage of justice exception would not do Holsey any good because he has not shown, and cannot show, actual innocence. And even if *468 Georgia law did not require a capital defendant to prove mental retardation beyond a reasonable doubt — if it required, for example, that he prove it by clear and convincing evidence or by a preponderance of the evidence — Holsey would still not be actually innocent of a death sentence. Where it applies, the actual innocence miscarriage of justice exception requires a petitioner to show “by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty.” Cade v. Haley, 222 F.3d 1298, 1308 (11th Cir.2000). The constitutional error Holsey claims is that he was required to prove mental retardation by too high a standard of proof, but he has not shown that he could convince a jury with a lesser standard. He has not shown that, if the burden he was required to meet was clear and convincing evidence or a preponderance of the evidence, no reasonable jury could have found that he was not mentally retarded.