**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

**JAN 27 2003**

**PATRICK FISHER**
**Clerk**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 02-5069 |
| v. | (D.C. Nos. 01-CV-562-C & 99-CR-95-C) |
| JOSEPH ALBERT ELLSWORTH, | (N.D. Oklahoma) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on Joseph A. Ellsworth's application for a certificate of appealability ("COA") and motion to proceed on appeal *in forma pauperis*. Ellsworth seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B) (providing that no appeal may be taken from "the final order in a proceeding under section 2255" unless the movant first obtains a COA). In denying Ellsworth's motion, the district court concluded that all but three of Ellsworth's claims were procedurally barred by his failure to raise them on appeal or waived by his guilty plea. As to the three claims that it addressed on the merits, the district court concluded that Ellsworth had failed to show that his attorney provided ineffective assistance at sentencing, had failed to demonstrate that his guilty plea was unknowing or involuntary, and had failed to show that the government had breached the plea agreement.

To be entitled to a COA, Ellsworth must make a "substantial showing of the denial of a constitutional right." *See id.* § 2253(c)(2). Ellsworth can make the requisite showing by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration of Ellsworth's application for a COA and appellate brief, and

-2-

*de novo* review of the district court's order and the entire record on appeal, this court concludes that Ellsworth has not made a substantial showing of the denial of a constitutional right for substantially those reasons set out in the district court's order dated May 2, 2002. Considerations of judicial economy counsel against repeating the thorough and comprehensive analysis of Ellsworth's petition set out in the district court order. Accordingly, this court **GRANTS** Ellsworth permission to proceed *in forma pauperis*, **DENIES** his application for a COA, and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge