[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 13, 2003
THOMAS K. KAHN
CLERK

_____

No. 03-13457

_____

IN RE:

WILL C. DEAN, JR.,

Petitioner.

_____

Application for Leave to File a Second or
Successive Motion to Vacate, Set Aside, or
Correct Sentence, 28 U.S.C. §§ 2255, 2244(b)(3)(A)

_____

**(August 13, 2003)**

Before ANDERSON, BLACK and WILSON, Circuit Judges.

BY THE PANEL:

Will C. Dean, Jr. applies for an order authorizing the district court to

consider a successive[1] motion to vacate, set aside, or correct his federal sentence

_____

[1]"[A] successive application" raises grounds identical to those "heard and denied on a prior application." *Sanders v. United States*, 373 U.S. 1, 10 (1963); *see also Kuhlmann v. Wilson*, 477 U.S. 436, 445 n.6 (1986) (plurality opinion) ("A successive petition raises grounds identical to those raised and rejected on the merits on a prior petition" (internal quotation marks

pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996.[2]  To file a second or successive § 2255 motion to vacate a sentence in the district court, a prisoner must obtain an order from the appropriate court of appeals authorizing the district court to consider such a motion.  *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255.  The court of appeals may grant such authorization to a federal prisoner only if it determines that the motion contains a claim involving

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.* § 2255.[3]

---

omitted).).

[2]Dean's previous § 2255 motion was denied on the merits.

[3]Similarly, to file a second or successive § 2254 petition for a writ of habeas corpus in the district court, a state prisoner must obtain authorization from the court of appeals.  28 U.S.C. § 2244(b)(3)(A).  Such authorization may be given when

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

2

Here, Dean asserts that his application presents newly discovered evidence that warrants a reduction of his sentence.  Specifically, he asserts that two uncounseled state convictions, which subsequently were reversed, were used to compute his criminal history category for purposes of calculating his federal sentence.  He contends that his criminal history category, and hence his sentencing guidelines range, would have been lower absent the inclusion of these state convictions.  Therefore, he submitted a copy of an April 7, 2003 order reversing both state convictions to satisfy the newly discovered evidence exception.

Section 2255's newly discovered evidence exception, however, does not apply to claims asserting sentencing error.  *See id.*  On the contrary, the exception applies to "newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant *guilty of the offense.*"  *Id.* (emphasis added); *see also In re Jones*, 137 F.3d 1271, 1274 (11th Cir. 1998) (per curiam) (holding that a state prisoner's successive petition for a writ of habeas corpus based upon a challenge to his sentence did not satisfy § 2244(b)(2)(B)(ii)'s exception to the bar against

evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.* § 2244(b)(2)(A)–(B).

3

successive habeas petitions because "this exception applies only to claims going to the question of whether or not the applicant is 'guilty of the underlying offense' – not to claims related to sentence"); *In re Medina*, 109 F.3d 1556, 1565–66 (11th Cir. 1997) (per curiam) (Section 2244(b)(2)(B)(ii)'s exception to the bar against successive habeas petitions is inapplicable to a state prisoner's petition challenging his sentence, because "that exception by its terms only applies to situations in which, but for the constitutional error, no reasonable factfinder would have found the applicant 'guilty of the underlying offense.' It does not fit sentence stage claims.").[4]

---

[4]We recognize that *In re Jones* and *In re Medina* involved state prisoners who filed successive petitions for a writ of habeas corpus. *See In re Jones*, 137 F.3d at 1272; *In re Medina*, 109 F.3d at 1561. The language in § 2244(b)(2)(B)(ii)'s exception to permit state prisoners to file a second or successive petition for habeas corpus relief, however, is materially identical to the language in § 2255's exception to permit federal prisoners to file a second or successive motion for habeas corpus relief. *See* 28 U.S.C. § 2244(b)(2)(B)(ii) (allowing a state prisoner to file a second or successive petition for a writ of habeas corpus when "the facts underlying the claim . . . establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense"); *id.* § 2255 (allowing a federal prisoner to file a second or successive habeas corpus motion when "newly discovered evidence [exists] that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"). Thus, we find our precedent interpreting § 2244(b)(2)(B)(ii) – namely *In re Jones* and *In re Medina* – instructive for this appeal. *See Hope v. United States*, 108 F.3d 119, 120 (7th Cir. 1997) ("[A] successive motion under 28 U.S.C. § 2255 (and presumably a successive petition for habeas corpus under section 2254, governing habeas corpus for state prisoners, which has materially identical language) may not be filed on the basis of newly discovered evidence unless the motion challenges the conviction and not merely the sentence.").

As Dean's application challenges his sentence and not whether he is guilty of the offense, we find that it does not satisfy the newly discovered evidence exception for filing a successive § 2255 motion. *See* 28 U.S.C. § 2255; *see also In re Vial*, 115 F.3d 1192, 1198 (4th Cir. 1997) (The applicant "cannot pursue this claim under the 'newly discovered evidence' exception to the bar on second and successive § 2255 proceedings because that exception applies only to challenges to the underlying conviction; it is not available to assert sentencing error."); *Hope v. United States*, 108 F.3d 119, 120 (7th Cir. 1997) ("[A] successive motion under 28 U.S.C. § 2255 . . . may not be filed on the basis of newly discovered evidence unless the motion challenges the conviction and not merely the sentence.").

Accordingly, Dean's application is DENIED.