[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 24, 2005
THOMAS  K. KAHN
CLERK

No. 04-14291
Non-Argument Calendar

_____

D. C. Docket No. 04-00029-CV-AAA-2

WILL C. DEAN, JR.,

Petitioner-Appellant,

versus

ROBERT McFADDEN, Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 24, 2005)

Before ANDERSON, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Will C. Dean, a federal prisoner proceeding pro se, appeals the district

court's dismissal of his petition for habeas relief pursuant to 28 U.S.C. § 2241.  In

his petition, Dean contests his 240-month sentence for distributing cocaine and cocaine base, arguing that it should be reduced because of the vacatur of two of the state court convictions that were used to enhance his federal sentence. On appeal, Dean argues that the district court erred when it dismissed his petition because the state's vacatur of those two convictions meets the second and third prongs of the test enunciated in Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). Further, he argues, the Supreme Court cases of Custis v. United States, 511 U.S. 485, 114 S.Ct. 1732 (1994), and Daniels v. United States, 532 U.S. 374, 121 S.Ct. 1578 (2001), fulfilled the first prong of the test.

We review de novo the denial of § 2241 relief. Cook v. Riley, 208 F.3d 1314, 1317 (11th Cir. 2000). Section 2255 of Title 28 provides a vehicle for a federal prisoner to challenge a conviction and sentence by filing a motion to vacate, correct, or set aside the sentence. 28 U.S.C. § 2255. In order to file a second or successive § 2255 motion, the movant must file an application with the appropriate court of appeals "for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). However, under limited circumstances, a provision of § 2255 permits a federal prisoner to file a habeas petition pursuant to 28 U.S.C. § 2241. See 28 U.S.C. §§ 2241(a), 2255. That provision, known as the "savings clause," provides that

2

> [a]n application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.  Accordingly, a court may entertain a § 2241 petition attacking custody resulting from a federally-imposed sentence if the petitioner establishes that the remedy provided for under § 2255 is inadequate or ineffective.  See 28 U.S.C.  § 2255.

We have held that a prisoner may not use § 2241 to circumvent the restrictions on successive § 2255 motions.  Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999).  In addition, we set forth a three-part test, which provides that § 2255's savings clause applies to a claim when

> 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.  In order for a prisoner to avail himself of the § 2255 remedy under Wofford, all three criteria must be satisfied. Id.

Two years ago, we rejected Dean's efforts to file a successive § 2255 on this

very issue.  See In re Dean, 341 F.3d 1247 (11th Cir. 2003).  There, we noted that to file a second § 2255, a petitioner had to show that the petition presented newly discovered evidence that "would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense."  Id. at 1248 (citing 28 U.S.C. § 2255).  Because his application only challenged his sentence and not his guilt, we held that he could not satisfy this test and denied his application.  Id. at 1249.

Despite his arguments, the claim that Dean raised in his § 2241 petition was cognizable under § 2255 because his assertion concerned the sentence he received. See Johnson v. United States, __ U.S. __, 125 S.Ct. 1571 (Apr. 4, 2005) (recognizing propriety of petitioner's attack on sentence in a first § 2255 petition because of underlying convictions' vacatur).[1]  Therefore, a § 2255 motion was an adequate and effective remedy.

Applying Wofford's three part test, Dean fails to satisfy the first and second

---

[1]    In Johnson, the petitioner successfully challenged his underlying state court convictions and had them vacated.  He then attempted to file his first § 2255 petition but it deemed untimely.  Although the Supreme Court held that § 2255's one year statute of limitations began to run when the convictions were vacated, Johnson had not been diligent in pursuing the vacaturs and thus his petition was denied.  This case is not helpful to Dean because the language in § 2255 ¶ 6 governing the statute of limitations that the Court interpreted in Johnson does not contain the "actual innocence" requirement found in ¶ 7, the provision governing second and successive petitions.  Additionally, Dean was even less diligent in pursuing the vacaturs of his state convictions than Johnson was.

prongs and was therefore not entitled to bring his claim under § 2241. Dean cites Custis v. United States, 511 U.S. 485, 114 S.Ct. 1732 (1994), as his retroactively applicable Supreme Court case law. In Custis, the Court held that, except for convictions obtained in violation of the right to counsel, a defendant cannot collaterally attack, in federal proceedings, a previous state conviction that was used to enhance his sentence. 511 U.S. at 496, 114 S.Ct. at 1738. The Court also noted that if the defendant was successful in attacking his state court convictions through habeas review, he could apply for the reopening of any federal sentence that was enhanced by the state convictions. Id. at 497, 114 S.Ct. at 1739. However, this decision predated Dean's sentencing and so did not provide any new case law unavailable to Dean at the time that he filed his initial petition. Dean also relies upon Daniels v. United States, 532 U.S. 374, 121 S.Ct. 1578 (2001), but no cases have held that Daniels has retroactive application. At any rate, these two cases did not "establish[] the petitioner was convicted for a nonexistent offense."

Because Dean has not satisfied the three-part test found in Wofford, he has not satisfied § 2255's savings clause requirements. Therefore, the decision of the district court is

AFFIRMED.