[PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

_____

No. 06-10784

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 30, 2006
THOMAS K. KAHN
CLERK

IN RE:

ARTHUR DENNIS RUTHERFORD,

Petitioner.

_____

Application for Leave to File a Second or Successive
Habeas Corpus Petition, 28 U.S.C. § 2244(b)

_____

(January 30, 2006)

Before CARNES, HULL and WILSON, Circuit Judges.

BY THE COURT:

This Court affirmed the district court's denial of Arthur Dennis Rutherford's

first federal habeas corpus petition in Rutherford v. Crosby, 385 F.3d 1300 (11th

Cir. 2004), cert. denied, 125 S. Ct. 1847 (2005). See also Rutherford v. State of

Florida, No. SC06-18, ___ So.2d ___, 2006 WL 204838 at *4–5 (Fla. Jan. 27,

2006) (recounting additional procedural history) . We now have before us Rutherford's Application For Permission to File a Successive Habeas Corpus Petition, and a Motion for Stay of Execution relating to that application, both of which were filed yesterday.[1]

In the present application, Rutherford requests that we issue an order authorizing him to file in the district court five new claims that he did not raise in his first federal habeas petition. We cannot grant this type of application, unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)–(B).

The first claim for which Rutherford requests a § 2244(b) authorization order is that the State violated Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194

---

[1]We do not address in this order the Application for a Stay of Execution and for Expedited Appeal that Rutherford has filed in connection with his appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint. Those matters will be the subject of a separate order.

(1963), by not disclosing to the defense that Mary Heaton, one of the many witnesses against Rutherford, allegedly had provided law enforcement with statements in which she claimed to have been present when Rutherford murdered the victim, instead of having been involved only in the cashing of a check that Rutherford stole from the victim. We are indebted to the Florida Supreme Court for its detailed and insightful explanation of why there is no reasonable probability that disclosure of any such statement by Heaton would have made any difference at the guilt or penalty stage of Rutherford's trial. See Rutherford v. State, ___ So.2d at ___, 2006 WL 204838 at *10–11 (affirming the denial of successive post-conviction motion for relief). We cannot improve on that explanation.

We add only that the burden Rutherford faces here is even higher than the one he did not carry before the Florida Supreme Court. Here he must show not just a reasonable probability of a different result, but that "the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii). He has failed to do that for the same reasons the Florida Supreme Court explained that he had failed to carry the lesser burden in that Court.

The second claim Rutherford seeks authorization to present in a second federal habeas petition is one of actual innocence based upon a since-recanted statement or statements that Mary Heaton allegedly made to another person (apparently after the trial) in which she supposedly said that she was the murderer and had put the blame on Rutherford. In rejecting Rutherford's newly discovered evidence claim, the Florida Supreme Court explained why, even assuming that Heaton did make such statements, they were unbelievable and would not have changed the result at trial when considered in the context of all the evidence. Rutherford v. State, ___ So.2d at ___, 2006 WL 204838 at *6–9. We agree with its explanation and applying the § 2244(b)(2)(B)(ii) standard conclude that Rutherford has failed to establish clearly and convincingly that no reasonable factfinder aware of the statements, if Heaton did make them, would find Rutherford guilty.

The third claim Rutherford wants to present in a second federal habeas petition is his assertion that the state courts in the post-conviction proceedings violated his due process rights by failing to provide him with records of Mary Heaton's mental health records so Rutherford could see if she had confessed while in the mental institution to having committed the murder. Again, Rutherford has failed to meet his § 2244(b)(2)(B)(ii) burden. See also Quince v. Crosby, 360 F.3d

4

1259, 1261–62 (11th Cir. 2004) (errors and defects in a state collateral proceeding do not state a claim for violation of due process); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (same).

The fourth claim in Rutherford's application is a procedurally barred, hearsay Confrontation Clause claim, which he did not raise at trial and which the Florida Supreme Court held to be procedurally barred from review on direct appeal. See Rutherford v. State, 727 So.2d 216, 220–21 (Fla. 1998). He would like to present this claim in a second federal habeas petition as one arising under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004). Rutherford acknowledges that there is a split among the circuits about whether the Crawford decision is retroactively applicable under the Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060 (1989), doctrine, but asserts that it should be.

Even if we adopted that assertion, it would not be of any help to Rutherford. For this type of claim to be presented in a second or successive federal habeas petition, the new rule of constitutional law that it relies on must have been "made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2244(b)(2)(A). It is not enough that some federal appellate court has held that the new rule is retroactively applicable. Tyler v. Cain, 533 U.S. 656, 663, 121 S. Ct. 2478, 2482 (2001) ("We thus conclude that a new rule is not 'made retroactive to

5

cases on collateral review' unless the Supreme Court holds it to be retroactive."). Because the Supreme Court has not made its <u>Crawford</u> decision retroactively applicable to cases on collateral review, it may not be asserted in a second federal habeas petition.

Finally, Rutherford asks us to allow him to present a <u>Deck v. Missouri</u>, __ U.S. __, 125 S.Ct. 2007 (2005), claim in a second petition. Like the <u>Crawford</u> decision, the <u>Deck</u> decision has not been made retroactively applicable to cases on collateral review by the Supreme Court, and for that reason the requirements of § 2244(b)(2)(A) have not been met. <u>See</u> <u>also</u> <u>Marquard v. Sec'y of Dep't of Corrections</u>, 429 F.3d 1278, 1311 (11th Cir. 2005) (holding that the <u>Deck</u> decision is not retroactively applicable to cases on collateral review).

For these reasons, the Rutherford's application for an order authorizing him to file a second or successive federal habeas petition, his motion for a stay of execution as it relates to this application, and all other requests for relief relating to it are DENIED.