[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 06-16362

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 11, 2006
THOMAS K. KAHN
CLERK

IN RE:

ANGEL NIEVES DIAZ,

Petitioner.

_____

Application for Leave to File a Second or Successive
Habeas Corpus Petition, 28 U.S.C. § 2244(b)

_____

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

B Y   T H E   C O U R T:

Angel Nieves Diaz, a Florida prisoner under sentence of death and scheduled to be executed by lethal injection on December 13, 2006, seeks permission to file a successive habeas petition and a stay of execution. See 28 U.S.C. §§ 2244(b)(3)(A), 2251, 1651. Diaz raises three claims as grounds for his application to file a successive habeas petition: (1) newly discovered evidence of innocence establishes that but for constitutional error no reasonable factfinder would have found Diaz eligible for death; (2) Diaz's conviction and sentence are

in violation of <u>Brady v. Maryland</u>; and (3) Diaz's right of confrontation was violated at his trial. We deny the application for permission to file a successive habeas petition for failure to satisfy the statutory criteria, and we deny the application for a stay of execution as moot.

The "court of appeals <u>may</u> authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [section 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(C) (emphasis added). The petitioner must establish either (1) that "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A), or (2) that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and . . . the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense[,]" 28 U.S.C. § 2244(b)(2)(B)(i), (ii).

Diaz argues that newly discovered evidence, in the form of an affidavit of Ralph Gajus, the jailhouse informant who testified at Diaz's trial, establishes that, but for constitutional error, no reasonable juror would have found Diaz eligible for

the death penalty. This argument, which relies on the second exception to the bar against successive habeas petitions, fails for at least two reasons.

First, the affidavit of Gajus is not newly discovered evidence because the affidavit is consistent with Gajus's testimony at Diaz's trial and with statements made by Gajus that were presented in Diaz's first motion for post-conviction relief filed in state court. At Diaz's trial, Gajus testified that, while they were in jail, Diaz indicated by using his hands that he shot the victim, but had not said in words he had shot the victim. Gajus also testified that Diaz was able to speak English well. In his initial Rule 3.850 motion, filed in 1989, Diaz argued that "Mr. Gajus has informed current counsel that Mr. Diaz never admitted complicity to him and that Mr. Diaz's English was very, very poor." In his current affidavit, which Diaz argues constitutes newly discovered evidence, Gajus again states that Diaz's English was poor, Diaz did not say that he had shot anyone, but Diaz had "acted out the shooting using his hands." Gajus further states in his affidavit that he was unsure who was the shooter because Diaz had not told him, but only acted it out with his hands. Diaz asserts that Gajus's statement that he was unsure who the shooter was is newly discovered evidence that Gajus lied at the trial. On the contrary, the statements made by Gajus at trial, to the Rule 3.850 counsel in 1989, and in his affidavit are entirely consistent on the material point that Diaz did not

3

tell Gajus he had shot the victim, but that Gajus had inferred this fact from Diaz's hand motions. Because it does not present any new testimony, the affidavit given by Gajus is not newly discovered evidence.

Second, and more important, Diaz does not argue that, but for the alleged error in Gajus's testimony, he would not have been convicted of the underlying crime. To be eligible to file a successive habeas petition, Diaz must show that the "newly discovered evidence" would "establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii) (emphasis added). Diaz's only argument with regard to the testimony of Gajus is that the "information that Mr. Gajus was untruthful at trial and therefore, not credible, would have impacted the jury recommendation at the penalty phase by undermining the weight of the aggravators presented at trial, and adding to the weight of mitigation." Because Diaz does not, and could not, suggest that the alleged new evidence would have altered the jury finding on his guilt of the underlying offense, he is not eligible for relief under the second exception. In re Dean, 341 F.3d 1247, 1248 (11th Cir. 2003); In re Medina, 109 F.3d 1556, 1564-65 (11th Cir. 1997).

Diaz next argues that he was convicted and sentenced to death in violation

of Brady v. Maryland.  Because, as Diaz admits in his application, this claim was presented to the federal district court in Diaz's initial habeas petition, it cannot be the basis of a claim for leave to file a successive habeas petition on the ground of newly discovered evidence.

Diaz's third claim relies on the first exception to the bar against successive habeas petitions.  Diaz argues that testimonial hearsay was presented at the penalty phase of his trial to establish an aggravating factor and that the testimony was presented in violation of Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004), which he asserts states a "new rule of constitutional law" that should apply retroactively.  This argument fails.  To be eligible for relief based on a new rule of constitutional law, Diaz must establish that the new rule was "made retroactive to cases on collateral review by the Supreme Court."  28 U.S.C. § 2244(b)(2)(A).  "Because the Supreme Court has not made its Crawford decision retroactively applicable to cases on collateral review, it may not be asserted in a second federal habeas petition."  In re Rutherford, 437 F.3d 1125, 1128 (11th Cir.), cert. denied, 127 S. Ct. 465 (2006).

Diaz's application to file a successive habeas petition is **DENIED**, and Diaz's application for stay of execution is **DENIED** as moot.