[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13598-P

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2008
THOMAS K. KAHN
CLERK

IN RE: MARK DEAN SCHWAB,

Petitioner.

_____

Application for Leave to File a Second or Successive
Habeas Corpus Petition, 28 U.S.C. § 2244(b)

_____

**(June 27, 2008)**

Before: DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Mark Dean Schwab was sentenced to death for the rape and murder of an eleven-year-old boy. The facts and the procedural history of the case through the time we affirmed the denial of his federal habeas petition are contained in Schwab v. Crosby, 451 F.3d 1308 (11th Cir. 2006), cert. denied, 127 S. Ct. 1126 (2007). We later vacated a stay that he had obtained in connection with a lawsuit he filed

under 42 U.S.C. § 1983.  Schwab v. Sec'y, Dep't of Corrs., 507 F.3d 1297 (11th Cir. 2007).

Schwab is now before us with an application for permission to file a second or successive habeas corpus petition under 28 U.S.C. § 2244(b)(2)(B).  The sole ground put forward in the application is based on assertions that Schwab's present attorneys have persuaded Dr. William R. Samek, a clinical psychologist who testified for the State at the sentence hearing, Schwab, 451 F.3d at 1317–18, to change his opinion about some aspects of Schwab's mental and emotional problems.  The application describes Dr. Samek's partial change of opinion as a "clarification of his original trial testimony."  It asserts that clarification gives "a more complete picture of Mr. Schwab's mental and emotional development," and it "establishes newly discovered statutory mitigating evidence that establishes Schwab is innocent of the death penalty."

The application falls far short of meeting the requirements of § 2244(b)(2)(B).  Schwab cannot show that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2)(B)(i).  The application makes clear that the basis for Dr. Samek's modification of opinion is "his recent review of Mr. Schwab's case," which consisted of "a more exhaustive review of the record, evaluation of Mr.

2

Schwab, and interviews with family members."  All of those sources of evidence, and any change they could bring in Dr. Samek's opinion, were fully available to Schwab at the time he filed his first habeas petition in April 2003.

Even if the modification in Dr. Samek's opinion met the requirements of clause (i) of § 2244(b)(2)(B), it would still not meet those of clause (ii).  As the text of § 2244(b)(2)(B)(ii) plainly provides, the facts underlying the claim must be "sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  Schwab's application does not assert a constitutional error, just a change in the opinion of an expert witness.

Moreover, the asserted change in opinion goes to the existence of mitigating circumstances, not to whether Schwab is guilty of the underlying offense.  See In re Diaz, 471 F.3d 1262, 1263–64 (11th Cir. 2006) (denying § 2244(b)(2)(B) application where the petitioner asserted "new evidence" would have "impacted the jury recommendation at the penalty phase by undermining the weight of the aggravators presented at trial, and adding to the weight of mitigation" but "[did] not, and could not, suggest that the alleged new evidence would have altered the jury finding on his guilt of the underlying offense"); see also In re Dean, 341 F.3d

3

1247, 1248–49 (11th Cir. 2003) (denying § 2255 ¶8 application that challenged

sentence but not whether petitioner was guilty of the underlying offense).

**APPLICATION DENIED.**