**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joseph Albert ELLSWORTH,
Defendant–Appellant.**

No. 08–5025.

United States Court of Appeals,
Tenth Circuit.

Oct. 2, 2008.

Leena Alam, Neal Kirkpatrick, Assistant U.S. Attorney, Philip E. Pinnell, Assistant U.S. Attorney, United States Attorneys Office, Tulsa, OK, for Plaintiff–Appellee.

Joseph Albert Ellsworth, Oklahoma City, OK, pro se.

Before O'BRIEN, Circuit Judge, BRORBY, Senior Circuit Judge, and McCONNELL, Circuit Judge.

### ORDER AND JUDGMENT*

MICHAEL W. McCONNELL, Circuit Judge.

Joseph Albert Ellsworth, a federal prisoner appearing pro se, appeals the district court's order striking his attempted filing of an unauthorized second or successive 28 U.S.C. § 2255 motion. In his unauthorized § 2255 motion, Mr. Ellsworth attempted to raise sentencing claims that he failed to raise, and thus waived, on direct appeal or in his first § 2255 motion. Because the district court lacked jurisdiction to consider Mr. Ellsworth's unauthorized filing, we affirm its order to strike.

*Federal and State Convictions and Sentences.* In 2000, Mr. Ellsworth pleaded guilty in federal court to interstate travel with intent to engage in sexual activity with a minor, and in Oklahoma state court for distributing obscene material to a minor, attempted lewd molestation and attempted lewd proposals to a child. The two convictions arose out of the same conduct, and for many years Mr. Ellsworth has been seeking to have the federal and state sentences run concurrently.

He was sentenced in federal court first: to thirty months' imprisonment plus three years of supervised release. Contrary to Mr. Ellsworth's assertions in his opening brief, the federal sentence was not ordered to run concurrent with the state sentence, and the plea agreement contains no promise that Mr. Ellsworth's federal sentence would run concurrently or that he would serve his federal sentence before his expected state sentence.[1] At the sentencing hearing, the district court stated it was not opposed to running the federal and state sentences concurrently, but it did not believe it had authority to do so because the state sentence had not yet been imposed. Resp. Br., Attach. D., at 8. Thus, the federal sentence imposed on Mr. Ellsworth made no reference to the state sentence and did not specify whether it was to run concurrent or consecutive to the state sentence. *Id.* Attach. A, at 2–5. Legally, this means the federal sentence runs consecutively, *not* concurrently to the state sentence. 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). Mr. Ellsworth did not file a direct appeal from his federal sentence.

Mr. Ellsworth was subsequently sentenced in state court to fifteen years' imprisonment on one count, to run concurrent with the federal sentence, and ten years on the two other counts, to run concurrent with the first count. Mr. Ellsworth was taken into state custody first. As we recently explained in a factually similar case, "[a]lthough [Mr. Ellsworth's]

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

1. The judgment, plea agreement, and sentencing transcript are attached to the government's response brief as Attachments A, C, and D, respectively. Mr. Ellsworth initialed each page of the plea agreement, which contains no promise or mention of a concurrent sentence, and states that the government does not and cannot make any promise as to sentencing and that the sentence will be determined solely by the judge. Resp. Br., Attach. C, at 9–11.

state sentence provides for concurrent service of the federal and state sentences, the state court's decision cannot alter the federal-court sentence," which runs consecutively to, not concurrently with, to the state sentence. *United States v. Eccleston*, 521 F.3d 1249, 1254 (10th Cir.2008) (citing *Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir.1991) (holding that whether a defendant's "federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction.")), *petition for cert. filed* (U.S. July 12, 2008) (No. 08–6163). Thus, Mr. Ellsworth's federal sentence did not start until he completed his state sentence and was taken into federal custody. *See Binford v. United States*, 436 F.3d 1252, 1255 (10th Cir.2006) (holding that "federal sentence does not commence until a prisoner is actually received into federal custody for that purpose.").

In February 2008, after serving eight of the fifteen years of his state sentence, Mr. Ellsworth was released from state custody and immediately taken into federal custody to begin serving his federal sentence. Believing that his federal and state sentences were concurrent, that he had completed his federal sentence when he had served thirty months' time in state custody, and that the federal government lacked authority to hold him in custody, Mr. Ellsworth attempted to file a "Motion for Writ of Habeas Corpus for Unlawful Imprisonment" in February 2008. The district court struck this motion as an unauthorized second or successive § 2255 motion, and Mr. Ellsworth appeals.

*Procedural History of Post–Conviction Filings.* When he filed his February 2008 motion, Mr. Ellsworth had previously filed a § 2255 motion challenging his federal sentence and a 28 U.S.C. § 2254 petition challenging his state sentence. A federal prisoner may not file a second or successive § 2255 motion, and a state prisoner may not file a second or successive § 2254 petition, unless the motion or petition is first authorized by a panel of the appropriate court of appeals based on a finding that the prisoner's claim is based on new evidence of actual innocence or new, retroactively applicable constitutional law. *See* 28 U.S.C. §§ 2244(b) and 2255(h).

Mr. Ellsworth filed a § 2254 petition challenging his state conviction and sentence in March 2002. One of his claims was that the state violated his plea agreement because he was given repeated assurances that he would serve his federal sentence first, at a federal facility. The district court denied this § 2254 petition as time-barred, and Mr. Ellsworth did not appeal.

Mr. Ellsworth filed a § 2255 motion challenging his federal sentence in 2001. He claimed that the federal government violated an agreement that he would be sent to federal prison, rather than state prison. The district court correctly ruled that the federal plea agreement made no promises as to where Ellsworth would be first be in custody. The district court denied the § 2255 motion, and this court denied Mr. Ellsworth a certificate of appealability. *United States v. Ellsworth*, 55 Fed.Appx. 511, 512 (10th Cir.2003).

Mr. Ellsworth attempted to file several second-or-successive § 2255 motions, all of which were denied either because he had not sought circuit-court authorization or because this court denied his authorization request. In one such motion for authorization, filed in 2006, Mr. Ellsworth argued that his federal sentence was to run concurrent with his state sentence and, therefore, the terms of his plea agreement had been violated and that he had been misled into pleading guilty. He claimed that he

had now served his federal sentence, and he should be released into federal supervisory release. Mr. Ellsworth based his motion for authorization on a new-evidence claim, attaching a letter from the federal probation office explaining that he would not begin serving his federal supervised release period until after he completed his state sentence. We denied authorization, stating that his contentions were not based on any new evidence. *United States v. Ellsworth*, No. 06–5007 (10th Cir. Mar. 3, 2006), (unpublished order). To justify authorization to file a successive habeas claim, the claimed new evidence must demonstrate that, if proven, "no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. §§ 2255(h) and 2244(b)(2)(B)(ii). Thus, a new-evidence claim must be based on new evidence of innocence, not sentencing error. *See e.g., In re Dean*, 341 F.3d 1247, 1248 (11th Cir.2003).

■ *Analysis.* When Mr. Ellsworth filed his writ of habeas corpus in February 2008, the district court had previously explained the authorization requirements to him, and had warned him that it would strike any further unauthorized filings. The district court construed the February 2008 filing as an unauthorized § 2255 motion, ruled that it lacked jurisdiction because Mr. Ellsworth had not obtained authorization, and struck it.

■ We find no error. Mr. Ellsworth argues the district court should have construed his motion, captioned as a writ of habeas corpus, as an initial writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, rather than a successive § 2255 motion. A § 2255 motion challenges the propriety of the federal conviction or sentence as imposed, whereas a § 2241 motion challenges the execution of the federal sentence. *See Eccleston*, 521 F.3d at 1253. Mr. Ellsworth argues in his proposed mo-

tion and opening brief that his plea agreement provided for concurrent federal and state sentences, that his sentence violated his plea agreement and that he had, therefore, been misled into pleading guilty. These arguments are challenges to the sentence imposed and, thus, the district court was correct to characterize his motion as a § 2255 motion. *See id.* ("A challenge to the propriety of the federal conviction or sentence itself—such as whether [defendant] was misled when he pleaded guilty or whether the sentence violated his plea bargain—must proceed under § 2255, not § 2241 ... and could have been brought promptly after sentencing."). Moreover, Mr. Ellsworth's proposed motion states no viable § 2241 claim because there is no error in the execution of his federal sentence; contrary to his assertion, his federal sentence was *not* ordered to run concurrent with his state sentence and the concurrent state sentence does not alter the consecutive federal sentence. *See id.* at 1253–54.

■ Mr. Ellsworth argues that the district court erred when it concluded it could not order his federal sentence to run concurrent to his not-yet-imposed state sentence, citing *United States v. Williams*, 46 F.3d 57, 58–59 (10th Cir.1995) (holding that there is no statutory prohibition on a district court ordering a federal sentence be served *consecutively* to a state sentence that has not yet been imposed, and that whether to impose a consecutive or concurrent sentence is a matter within the discretion of the district court). He also argues that his attorney was constitutionally ineffective in not making sure the plea agreement required concurrent sentences and that the district court ordered a concurrent sentence. These arguments, alleging error in the imposition of his sentence, could only have been raised at sentencing, on direct appeal and in Mr. Ellsworth's

initial § 2255 motion. He did not file an appeal, nor did he raise these claims in his initial § 2255 motion; thus, these claims are waived. These sentencing-error claims may not be asserted in a second or successive § 2255 motion because they are not based on new evidence of actual innocence or on any new, retroactively applicable constitutional law. *See* § 2255(h). Mr. Ellsworth argues that he has not had access to his legal papers and did not know the terms of his federal plea agreement and sentence. This argument is to no avail; Mr. Ellsworth signed and initialed every page of his plea agreement and was present at his sentencing hearing; thus, he could have asserted his claims of sentencing error promptly at and after sentencing. *See Eccleston,* 521 F.3d at 1253.

The district court did not have jurisdiction to address the merits of Mr. Ellsworth's unauthorized second or successive § 2255 motion. *See In re Cline,* 531 F.3d 1249, 1251 (10th Cir.2008) (per curiam). "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Id.* at 1252. As explained above, there is no meritorious claim in Mr. Ellsworth's February 2008 motion that might have warranted a § 1631 transfer to this court to seek authorization. Because it lacked jurisdiction to consider the motion, the district court did not err in striking it.

Mr. Ellsworth's motion for leave to proceed *in forma pauperis* is GRANTED. His motions for copies of transcripts are DENIED as moot because all relevant transcripts were attached to the government's response brief. The order striking Mr. Ellsworth's unauthorized motion is AFFIRMED.