[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 8, 2010
JOHN LEY
CLERK

_____

No. 09-13990
Non-Argument Calendar

_____

D. C. Docket No. 98-00012-CR-4-RH-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH BROME JACKSON,
a.k.a. Anthony Deandre Jenkins,
a.k.a. Black,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 8, 2010)

Before CARNES, HULL and FAY, Circuit Judges.

PER CURIAM:

Joseph Brome Jackson appeals pro se the district court's denial of his motion for reconsideration of the district court's order denying his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. After review, we affirm.

## I. BACKGROUND FACTS

### A. Jackson's Original 248-Month Sentence

In 1998, Jackson was convicted of a crack cocaine offense in federal court, which ordinarily has a ten year statutory mandatory minimum. See 21 U.S.C. § 841(a), (b)(1)(A)(iii). Because Jackson had a prior 1993 Georgia drug trafficking conviction, however, Jackson's statutory, mandatory minimum sentence was twenty years. See 21 U.S.C. §§ 841(b)(1)(A) & 851.[1] Although Jackson's initial guidelines range was 235 to 293 months' imprisonment, his guidelines range became 240 to 293 months because of the twenty-year statutory mandatory minimum. See U.S.S.G. § 5G1.1(c)(2) (stating that a sentence may be imposed at any point within the applicable guidelines range so long as it is not less than any statutory mandatory minimum). Jackson received a 248-month sentence. This Court affirmed Jackson's conviction and sentence on March 14, 2000.

---

[1] Section 841(b)(1)(A) states that a defendant who commits a § 841(a) offense after a prior conviction for a felony drug offense becomes final is subject to a term of imprisonment "which may not be less than 20 years and not more than life imprisonment." 18 U.S.C. § 841(b)(1)(A). Section 851 requires the government to file an information with the court stating the prior convictions it will rely upon in seeking a sentence that has an "increased punishment by reason of one or more prior convictions." 18 U.S.C. § 851.

In 2002, Jackson's pro se motion pursuant to 28 U.S.C. § 2255 was denied. In 2004, a Georgia court vacated Jackson's Georgia drug trafficking conviction. Consequently, in 2005, Jackson filed a second pro se § 2255 motion, arguing that the district court should resentence him without the twenty-year mandatory minimum. The district court denied Jackson's motion as an unauthorized second § 2255 motion. The district court cited In re Dean, 341 F.3d 1247 (11th Cir. 2003), in which this Court concluded that a sentencing error claim based on a vacated prior state court conviction did not fall within § 2255's "newly discovered evidence exception" to the bar on successive § 2255 motions. 341 F.3d at 1248-49. This Court dismissed Jackson's appeal of the § 2255 ruling because Jackson failed to pay the filing fees.

**B.    Section 3582(c)(2) Motion Based on Amendment 706**

In 2008, Jackson, acting pro se, wrote a letter to the district court stating that he had heard about Amendment 706 to the Sentencing Guidelines, which lowered the base offense levels in U.S.S.G. § 2D1.1(c) applicable to most crack cocaine offenses. See U.S.S.G. app. C, amends. 706, 713. Jackson's letter asked whether he needed to file a motion to have his sentence reduced based on Amendment 706 and, if he did not, asked the court to consider certain post-sentencing rehabilitative conduct and his family's hardship in resentencing him. Jackson's letter did not

3

mention that his prior Georgia drug trafficking conviction had been vacated in 2004.

On December 15, 2008, the district court construed Jackson's letter as a § 3582(c)(2) motion for a sentence reduction and granted the motion. The district court concluded that Jackson was eligible for a § 3582(c)(2) sentence reduction because Amendment 706 had lowered Jackson's applicable guidelines range. The district court explained that (1) Amendment 706 lowered Jackson's initial range from 235 to 293 months' imprisonment to 188 to 235 months' imprisonment, and (2) therefore, because of the twenty-year mandatory minimum sentence, Jackson's amended applicable guidelines range was simply 240 months. See U.S.S.G. § 5G1.1(b) (stating that when the statutory mandatory minimum is greater than the high end of the applicable guidelines range, the mandatory minimum "shall be the guideline sentence"). As a result, the district court imposed a 240-month sentence on December 15, 2008 (which was eight months lower than his original sentence).

C.    **Motion for Reconsideration Based on Vacated Prior Conviction**

On December 20, 2008, Jackson pro se filed a motion for reconsideration of the district court's December 15, 2008 order.[2] Jackson's motion contended that he

---

[2] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir.), cert. denied, 129 S. Ct. 2747 (2009). Jackson averred that he delivered his motion for reconsideration to prison officials for mailing on December 20, 2008.

no longer was subject to the twenty-year statutory mandatory minimum sentence because his Georgia drug trafficking conviction had been vacated. Jackson attached a copy of a Judgment of Nolle Prosequi dated May 2006 that nol prossed Jackson's indictment and indicated that Jackson was given state habeas relief in 2004. Jackson argued that, without the Georgia drug trafficking conviction, his criminal history category was II rather than III and his amended applicable guidelines range was 168 to 210 months. The government conceded that Jackson's Georgia drug conviction used to support the increased statutory mandatory minimum had been vacated, but argued that the district court was not permitted to reduce his sentence on that ground in a § 3582(c)(2) proceeding.

On July 25, 2009, the district court entered an order denying Jackson's motion for reconsideration. The district court acknowledged that Jackson's sentence reduction was "more limited than it would otherwise have been" because of the statutory mandatory minimum sentence, but concluded that it could not "rely on Amendment 706 to revisit the minimum mandatory, even though it was based on a now-vacated conviction." The district court explained that, pursuant to U.S.S.G. § 1B1.10(b)(1), it could consider only Amendment 706's change to the base offense level and that all other original sentencing determinations were "left unaffected."

On August 3, 2009, Jackson filed a notice of appeal challenging the district court's July 25, 2009 order denying his motion for reconsideration. Jackson did not challenge the district court's underlying December 15, 2008 order granting his § 3582(c)(2) motion and reducing his sentence to 240 months.

## II. DISCUSSION

On appeal, Jackson argues that the district court should have granted his motion for reconsideration and, in light of his vacated Georgia drug trafficking conviction, should have resentenced him without regard to the twenty-year statutory mandatory minimum. We affirm the district court's denial of Jackson's motion for reconsideration for three reasons, any one of which is sufficient alone.

First, we conclude that the district court lacked jurisdiction on July 25, 2009 to modify Jackson's 240-month sentence imposed on December 15, 2008. See United States v. Phillips, ____ F.3d ____, Nos. 08-17248 & 09-11210, 2010 WL 610883 (11th Cir. Feb. 23, 2010).[3] Under Phillips and Rule 35(a), the district court had the power to correct any clear error in Jackson's new sentence within seven days of imposing that sentence on December 15, 2008, i.e., on or before December 22, 2008. The district court did not act upon Jackson's motion for reconsideration

---

[3]We review de novo whether the district court had jurisdiction to modify Jackson's reduced 240-month sentence upon Jackson's motion for reconsideration. See Phillips, 2010 WL 610883, at *4.

6

until July 25, 2009.  Once the seven-day time limit in Rule 35(a) expired, the district court could not have granted Jackson's motion for reconsideration.

Second, in a § 3582(c)(2) proceeding "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing."  United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000).  Thus, Jackson may not attack his increased statutory mandatory minimum within the narrowly prescribed confines of a § 3582(c)(2) proceeding.

Third, Jackson's initial § 3582(c)(2) motion (filed in 2008) did not seek a reduced sentence based on his vacated prior drug conviction (vacated in 2004), but sought a reduction under Amendment 706.  Thus, the district court did not err in denying a motion for reconsideration based on an entirely different claim.[4]

**AFFIRMED.**

---

[4]The Court appointed Jackson counsel and asked for supplemental briefing on the jurisdictional issue under Phillips.  Jackson's letter brief raises substantive due process and other issues that were not raised in the district court or in his initial brief and do not fall within the limited scope of the supplemental briefing.  Thus, we decline to address these issues.